# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A., a minor by and through his parents, L.A. and M.A., | ) 1:09-cv-00834 AWI GSA |
| Plaintiffs, | ) ORDER VACATING HEARING ON ) APPLICATION FOR DEFAULT JUDGMENT |
| v. | ) ORDER DIRECTING COUNSEL TO CURE ) DEFICIENCIES IN APPLICATION |
| EXETER UNION SCHOOL DISTRICT, | ) (Doc. 11) |
| Defendant. | ) |

On June 24, 2009, Plaintiffs filed an Application for Default Judgment by Court.  (Doc. 11.)  The matter is now pending before the Court, having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b).

**PROCEDURAL BACKGROUND**

On May 11, 2009, Plaintiff filed a complaint against Exeter Union School District.  (Doc. 1.)  On that same date, this Court issued a summons as to Exeter Union School District.  (Doc. 5.)  On June 12, 2009, Plaintiff's counsel filed a return of service regarding service of that summons, indicating Defendant had been served on May 21, 2009, making an answer due no later than June 12, 2009.  (Doc. 8.)

On June 16, 2009, Plaintiff filed a Request for Entry of Default.  (Doc. 9.)  On June 17, 2009, the Clerk entered default as to Defendant Exeter Union School District.  (Doc. 10.)

1

1    Thereafter, Plaintiffs filed the instant application for default judgment.

2                                    **DISCUSSION**

3         Federal Rule of Civil Procedure 55(b)(2) provides:

4         (2)    By the Court.  In all other cases the party entitled to a judgment by default shall
                 apply to the court therefor; but no judgment by default shall be entered against an
5                infant or incompetent person unless represented in the action by a general
                 guardian, committee, conservator, or other such representative who has appeared
6                therein. If the party against whom judgment by default is sought has appeared in
                 the action, the party (or, if appearing by representative, the party's representative)
7                shall be served with written notice of the application for judgment at least 3 days
                 prior to the hearing on such application. If, in order to enable the court to enter
8                judgment or to carry it into effect, it is necessary to take an account or to
                 determine the amount of damages or to establish the truth of any averment by
9                evidence or to make an investigation of any other matter, the court may conduct
                 such hearings or order such references as it deems necessary and proper and shall
10               accord a right of trial by jury to the parties when and as required by any statute of
                 the United States.

11

12        "Upon default, the well pleaded allegations of the complaint relating to liability are taken

13   as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th

14   Cir. 1983); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t

15   the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

16   admitted."  10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

17        **A.     Service of Process**

18        Under Federal Rule of Civil Procedure 4(j)(2), a plaintiff may serve a "state, a municipal

19   corporation, or any other state-created governmental organization" by

20        (A) delivering a copy of the summons and of the complaint to its chief executive
             officer; or
21        (B) serving a copy of each in the manner prescribed by that state's law for serving a
             summons or like process on such a defendant.
22

23   Subdivision (A) is not applicable as Plaintiff did not deliver a copy of the summons and

24   complaint to Exeter Union School District's chief executive officer.  Therefore, California law

25   provides for the proper manner of service here.

26        California Code of Civil Procedure section 416.50 provides as follows:

27        (a) A summons may be served on a public entity by delivering a copy of the
             summons and of the complaint to the clerk, secretary, president, presiding officer,
28           or other head of its governing body.

                                              2

(b) As used in this section, "public entity" includes the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state.

The return of service states that the summons and complaint were served on May 21, 2009, at 2:05 p.m., upon a "Jennifer Vollmer, Office Specialist Apparently In Charge." (*See* Doc. 8 at 2.) Thus, Ms. Vollmer may be a "clerk" of Exeter Union School District as contemplated by California Code of Civil Procedure section 415.60. However, the return of service document fails to provide an address where service was effected. It is not clear whether this service was effected within California because the proof of service did not include an address. (Cal. Civ. Proc. § 417.10(a) [the process server's declaration must show the time and place where the summons and complaint were delivered to defendant]; *see also Dill v. Berquist Construction Co.*, 24 Cal.App.4th 1426, 1437-39, 29 Cal.Rptr.2d 746 (1994).

Additionally, while California Code of Civil Procedure provides for substitute service (*e.g.*, Cal. Civ. Proc. §§ 415.20 & 415.30), there is no indication that Defendant Exeter Union School District was also served with copies of the summons and complaint via U.S. Mail. (*See* Doc. 8.) None of the documents on file with this Court (*cf.* Docs. 5, 8, 11) include an affidavit that indicates Exeter Union School District was served with a copy of the summons and complaint by U.S. Mail. (Cal. Civ. Proc. § 415.20.) Plaintiff apparently did not serve the Application for Default Judgment upon Defendant as a proof of service did not accompany the application. The Court acknowledges that such service is not required,[1] yet in light of Plaintiff's exhibits, including recent correspondence with legal counsel for Exeter Union School District, the Court finds this concerning.

As referenced above, the Declaration of Drew Massey in Support of Default Judgment contains copies of letters exchanged between Plaintiff's counsel and Stacy L. Inman of Schools

---

[1]Fed. R. Civ. P. R. 55(b)(2)(c) ("if the defendant has appeared in the action, the defendant has been served with written notice of the application at least three days before the hearing on the application"); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F.Supp.2d 1282, 1287 (C.D. Cal. 2001).

Legal Services on behalf of the school district, wherein payment of Plaintiff's legal fees at issue here was discussed.  (See Doc. 11, Exs. C & D.)  Given the previous communication between counsel for the parties prior to the alleged service of the summons and complaint upon Defendant, and the other deficiencies related to the purported service, the Court finds the application for default judgment to be incomplete.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Spec. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).  In light of the foregoing, Plaintiff will be given an opportunity to cure this deficiency.

## B.   Lack of Demonstration of Legal Sufficiency of Claims

Because claims that are legally insufficient are not established by a party's default, in considering an application for a default judgment, a court must determine whether the claims upon which a plaintiff seeks a default judgment are legally sufficient.  An application for default judgment qualifies as a motion pursuant to Federal Rules of Civil Procedure, rule 7(b)(1) and Local Rule 1-101, and it should include briefs pursuant to Local Rule 78-230(b).  Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief.  It is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient.

Here, Plaintiff's submission does not meet this burden.  Although well pleaded facts will be deemed admitted by the defendant upon a defendant's default, the Court must also be satisfied that such facts are sufficient to state a claim for relief sought.  What is necessary is legal authority showing that the allegations of the complaint form an adequate basis for concluding that Defendant has refused to reimburse Plaintiff for the successful prosecution of the compliance complaint, in the sum of $9,529.00.  Plaintiff has failed to provide this Court with legal authority in support of the allegations that form the basis of his complaint.  Plaintiff filed only a Declaration of Drew Massey in Support of Default Judgment.  (*See* Doc. 11.)

4

**ORDER**

Accordingly, IT IS ORDERED that:

1.      The hearing set for July 10, 2009, on Plaintiff's Application for Entry of Default Judgment by the Court is VACATED and is RESCHEDULED for August 28, 2009, at 9:30 a.m. in Department 10 of this Court;

2.      On or about August 21, 2009, Plaintiff shall provide additional information in support of its assertion that Exeter Union School District was properly served with the summons and complaint.  In the event Plaintiff cannot provide such information, he shall move to withdraw his application for default judgment;

3.      Also, on or before August 21, 2009, Plaintiff shall file with the Clerk a legally sufficient memorandum of points and authorities that fully complies with the requirements of local rule 78-230(b) as discussed herein;

4.      Plaintiff is advised that his failure to file appropriate supporting documents, as provided herein, will result in a recommendation that the application for default judgment be denied.

IT IS SO ORDERED.

**Dated:    July 7, 2009**                        /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE